|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| JOSE LINARES-ROSADO,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DR. MARIAN TORRES-MEDINA, et al.,<br><br>　　Defendants. | Civil No. 11-1659 (JAF) |

**OPINION AND ORDER**

Plaintiff José Linares-Rosado ("Plaintiff"), appearing pro se, sues various defendants, all employees or entities managed by the United States government.[1] (Docket No. 30.) Plaintiff alleges, inter alia, violations of 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1964 ("Title VII"); 42 U.S.C. § 12101 et seq., the Americans with Disabilities Act ("ADA"); 29 U.S.C. § 633 et seq., the Age Discrimination in Employment Act ("ADEA"); and 29 U.S.C. § 701 et seq., the Rehabilitation Act of 1973 ("Rehabilitation Act"). (Docket No. 30 at 1-2.) Defendants, represented by the U.S. Attorney for the District of Puerto Rico ("Defendants"), move to dismiss, alleging insufficient service of process, failure to exhaust administrative remedies, and failure to state a claim. (Docket No. 32.) Plaintiff opposes, (Docket No. 33), Defendants respond, (Docket No. 37), and Plaintiff replies (Docket No. 38).

---

[1] Plaintiff's amended complaint names Dr. Marian Torres Medina ("Dr. Medina"), the doctor who allegedly provided USPS with a physical exam, as well as the Veterans' Affairs Healthcare System. (Docket No. 30.) Plaintiff also served summons on several other individual defendants, presumably also employees of the Veterans' Hospital. (Docket Nos. 10; 30 at 3.) In Plaintiff's opposition to Defendants' motion to dismiss, he names still more parties. (Docket No. 38.)

# I.

## **Allegations and Background**

We derive the following allegations from the various papers that Plaintiff has filed in this case: His original and amended complaints, as well as the opposition briefs responding to Defendants' motion to dismiss. (Docket Nos. 2; 30; 33; 38.) We have done our best to piece together a coherent account that makes sense from Plaintiff's various filings.

Plaintiff is a fifty-one year old resident of Puerto Rico and veteran. (Docket Nos. 2 at 2; 30.) Plaintiff alleges that in 2008, he was seeking re-entry[2] into the United States Postal Service ("USPS"). (Docket No. 2 at 6.) Apparently as a part of that application process, Plaintiff needed to have a physical exam completed by the Veterans' Hospital. (Id.) Plaintiff alleges that a doctor at the Veterans' Hospital, Dr. Medina, "provided false information in this form." (Id.) Specifically, Plaintiff alleges that Dr. Medina's exam effectively declared Plaintiff a "Human Plant." (Docket No. 30 at 3.) According to Plaintiff, the doctor wrote in her exam that Plaintiff could not write, type, or lift anything over twenty pounds. (Id.) Plaintiff alleges that Dr. Medina wrote this despite never having actually assessed Plaintiff; she, therefore, had no basis on which to reach these conclusions. (Id.)

In his opposition papers, Plaintiff alleges further that the USPS used this false statement "to justify the retaliation and discrimination" against him. (Docket No. 38 at 7.) Plaintiff does not state what that retaliation or discrimination was. (Docket Nos. 2; 30; 33; 38.) Other portions of Plaintiff's papers suggest that Plaintiff's real grievance was the USPS

---

[2] Equal Employment Opportunity administrative records state that Plaintiff was a former Sales, Services/Distribution Associate Transitional Employee at the USPS office in Fajardo, Puerto Rico. (Docket No. 32-1 at 2.)

Civil No. 11-1659 (JAF)                                                                                      -3-

decision not to "re-employ him," a decision based on the "erroneous and/or false" report submitted by Dr. Medina. (Docket No. 2 at 6.) In 2008, Plaintiff initiated administrative proceedings with the Equal Employment counselor assigned to the USPS. (Docket No. 32-1.) His complaint, which was dismissed as untimely by that agency, included Plaintiff's allegations of age and disability discrimination, as well as his claim that the USPS used false information to justify their retaliation against him. (Id.) Plaintiff clarifies that he has never sought employment with the Veterans' Hospital. (Docket No. 33 at 6.)

## II.

### Standard for a Motion to Dismiss Under 12(b)(2), (4), (5) and (6)

**A.    Rule 12(b)(6)**

A defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

"[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In considering a complaint's adequacy, we disregard "statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (internal quotation marks omitted). We then take as true what remains, "[n]onconclusory factual allegations . . . even if seemingly incredible." Id. On the basis of those properly-pled facts, we assess the "reasonableness of the inference of

Civil No. 11-1659 (JAF)                                                                                                          -4-

liability that the plaintiff is asking the court to draw." Id. at 13.  Of course, "the fact that the plaintiff filed his complaint pro se militates in favor of a liberal reading." Rodi v. Southern New England School of Law, 389 F.3d 5, 13 (1st Cir. 2004) (citations omitted).

**B.     Rules 12(b)(4) and (5)**

Under Federal Rules of Civil Procedure 12(b)(4) and (b)(5), a defendant may move for dismissal based on insufficient process and service of process.  "Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (internal quotations omitted).  When a defendant challenges service of process, the burden shifts to the plaintiff to show that service was sufficient. Rivera-López v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992) ("once challenged, plaintiffs have the burden of proving proper service").

**III.**

**Discussion and Analysis**

**A.     Title VII**

Defendants argue that the only properly-named defendant in a Title VII suit brought by a federal employee is the head of the employing agency.  (Docket No. 37 at 2.)  We agree. See Laymi v. Matias, 177 F. Supp. 2d 111, 114 (D.P.R. 2001) (citing Soto v. United States Postal Serv., 905 F.2d 575, 579 (1st Cir. 1990)); see also 21 Fed. Proc., L. Ed. 50:763 (2012) (collecting cases from various circuits).  The statutory language makes clear that the appropriate defendant is the "the head of the department, agency, or unit, as appropriate."

Civil No. 11-1659 (JAF) -5-

42 U.S.C. § 2000e-16(c). Therefore, Plaintiff's claims under Title VII against all other individual defendants will be dismissed with prejudice. (Id.)

Plaintiff's complaint does not name the Postmaster General as a defendant, and he has failed to demonstrate service of process on the proper defendant. (Docket Nos. 30; 33; 38.) Although more than 120 days have elapsed since Plaintiff's amended complaint, see Fed. R. Civ. P. 4(m), we think that Plaintiff's in forma pauperis ("IFP") status may allow him to show "good cause" for this delay. See Laurence v. Wall, 551 F.3d 92 (1st Cir. 2008) (holding that district court abused its discretion in dismissing IFP plaintiff's amended complaint for insufficient service of process). Therefore, we deny the portion of Defendant's motion to dismiss that argues insufficient service of process.

In light of Defendant's pro-se status, we might consider allowing him to amend his complaint to name the proper defendant. We decline to do so, though, based on our belief that any amendment would be futile. See Villanueva v. United States, 662 F.3d 124 (1st Cir. 2011) (listing futility as one ground for denying motion to amend) (citations omitted). Any effort to bring his Title VII claims against the proper defendant would be doomed by Plaintiff's failure to exhaust administrative remedies. Farris v. Shinseki, 660 F.3d 557, 560 (1st Cir. 2011).

In August 2008, Plaintiff requested pre-complaint processing from the Equal Employment Opportunity counselor assigned to the USPS. (Docket Nos. 32 at 6-7; 32-1 at 2.) On March 16, 2010, Plaintiff received a Notice of Right to File Individual Complaint ("NORF") from the Equal Employment Opportunity counselor. (Docket Nos. 32 at 6-7; 32-1 at 2.) The NORF notified Plaintiff that he had to file a formal complaint within fifteen days of receiving the NORF, or by April 1, 2010. (Docket No. 32-1.) Instead of complying

Civil No. 11-1659 (JAF)                                                                                          -6-

with this timeline, Plaintiff waited until October 27, 2010, to file his formal complaint. (Id.) Because this was several months after the applicable fifteen-day limitations period expired, Plaintiff's complaint was dismissed by the agency, pursuant to 29 C.F.R. §§ 1614.106(b) and 1614.107(a). (Docket Nos. 32 at 7; 32-1 at 2.) The dismissal noted that Plaintiff had complained of discrimination based on age and disability, and included his allegation that "the USPS falsified and used false information to justify firing the complainant." (Docket No. 32-1 at 1.)

"Because administrative exhaustion is a condition to the waiver of sovereign immunity, it must be strictly construed. . . . Consequently, failure to comply with an agency's applicable time limit may expose the plaintiff's federal law suit to dismissal." Farris, 660 F.3d at 560 (1st Cir. 2011) (quotations and citations omitted). Although the administrative exhaustion requirement is "subject to narrowly applied equitable doctrines such as tolling or estoppel," these doctrines only apply in "exceptional circumstances."[3] Id. (citations omitted). Plaintiff has the "heavy burden to prove entitlement to equitable relief." Id. (citations omitted).

In this case, Plaintiff has failed to carry his "heavy burden." Id. Plaintiff's incomprehensible attempts at argument, (Docket Nos. 30; 33; 37), have not persuaded us that we should apply the equitable doctrines of tolling or estoppel. Therefore, we hold that Plaintiff's "failure to file [his] charge of discrimination within the required time period bars

---

[3] We remind Defendants' counsel again that neither failure to exhaust administrative remedies nor timeliness implicate our subject matter jurisdiction. See Zipes v. TWA, 455 U.S. 385, 395 n.12 (1982); Vera v. McHugh, 622 F.3d 17, 29-30 (1st Cir. 2010)).

Civil No. 11-1659 (JAF)                                                                                                    -7-

relief in the district court." Cano v. United States Postal Serv., 755 F.2d 221, 223 (1st Cir. 1985). Plaintiff's claims under Title VII will, therefore, be dismissed.

**B.     ADEA**

We now turn to Plaintiff's claims under the ADEA, 29 U.S.C. § 633 et seq., and conclude that any claims under this statute are barred as well.

First, we find that any claims against the individual defendants in this case are not cognizable under the ADEA. As one learned treatise states, "[a] conflict exists regarding whether, as in Title VII cases, the only proper defendant in a federal employee's ADEA action is the head of the federal agency." 21 Fed. Proc., L. Ed. 50:769 (2012) (citations omitted). At least one district court in this circuit has allowed a suit under the ADEA to proceed against four of plaintiff's individual supervisors in the Postal Service. Id. (citing Shostak v. United States Postal Serv., 655 F. Supp. 764 (D. Me. 1997). Other courts, however, have held that the ADEA, like Title VII, allows federal employees to bring suits only against the head of the federal agency. Id. (citing Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988); see also Meyer v. Runyon, 869 F. Supp. 70, 76 (D. Mass. 1994)).

We agree with, and hereby adopt, the rule pronounced by the Fifth Circuit, that the only proper defendant in suits under the ADEA is "the head of the department, agency, or unit, as appropriate." Honeycutt, 861 F.2d at 1346 (quoting 42 U.S.C. § 2000e-16(c)). As the Fifth Circuit pointed out, the Supreme Court has repeatedly held that the ADEA is to be construed in the same way as Title VII. Id. (citing Lehman v. Nakshian, 453 U.S. 156, 168 n.15 (1981); Oscar Mayer & Co. Evans, 441 U.S. 750, 756 (1979)). Moreover, important

Civil No. 11-1659 (JAF)                                                                                          -8-

sections of the ADEA relating to federal employment were patterned after similar sections of Title VII.  See Meyer, 869 F. Supp. At 76 (collecting cases holding that only proper defendant in federal employment suit is head of the employing agency).  Therefore, any claims against the individual defendants in this case will be dismissed.

Nor can Plaintiff pursue his ADEA claim against the head of the agency—that would also be barred by Plaintiff's failure to exhaust his administrative remedies.  "[W]hen a federal employee elects to enter the administrative process, the ADEA and Title VII enforcement schemes are homologous."  Rossiter v. Potter, 357 F.3d 26, 30 (1st Cir. 2004).  Plaintiff elected to enter the administrative process when he filed a formal EEO complaint alleging age discrimination in 2010.  (Docket No. 32-1 at 1.)  Plaintiff's failure to timely file that complaint dooms his ADEA claim here.  See id. (noting that "there is every reason to borrow a compatible rule of timeliness.").

**C.      Rehabilitation Act and ADA**

"As a federal employee, [Plaintiff] is covered under the Rehabilitation Act and not the ADA."  Enica v. Principi, 544 F.3d 328, 338 n.11 (1st Cir. 2008).  That is because "[t]he Americans with Disabilities Act excludes 'United States' from its definition of employer."  Field v. Napolitano, 663 F.3d 505, 510 n.6 (1st Cir. 2011) (citing 42 U.S.C. § 12111(5)(B)).  "Based on this exclusion, federal courts have concluded that the ADA provides no remedy to federal employees."  Id. (citations omitted).  We, therefore, treat Plaintiff's claim as one arising under the Rehabilitation Act, not the ADA.  Enica, 544 F.3d at 338 n.11.

To our knowledge, the First Circuit has not yet stated a rule limiting which persons may be sued in a federal employee's action under the Rehabilitation Act. We think it clear that whether or not the Rehabilitation Act extends to individual employees, Plaintiff has failed to state a claim against these Defendants. For one, Plaintiff has failed to allege that he was a "qualified individual" within the meaning of the Act, 29 U.S.C. § 794(a). See Tardie v. Rehab Hosp. of R.I., 168 F.3d 538, 542 (1st Cir. 1998) ("In any claim under the Rehabilitation Act, the plaintiff must first establish that she has a disability within the meaning of the Act.")). Even more problematic, though, is Plaintiff's failure to provide any well-pleaded set of facts that show he is entitled to relief. See Penalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). Even under the "liberal reading" we have given Plaintiff's complaint, see Rodi, 389 F.3d at 13, we are unable to divine a claim for relief that is "plausible on its face." Lass v. Bank of America, N.A., --- F.3d ---, 2012 WL 4240504, at *8 (1st Cir. Sept. 21, 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

Nor can Plaintiff pursue a claim against the proper defendant in this action, the Postmaster General. As with his Title VII and ADEA claims, Plaintiff's failure to file a timely formal EEO complaint bars him from pursuing relief here. For employees of federal agencies, the Rehabilitation Act requires exhaustion of administrative remedies. Roman-Martinez v. Runyon, 100 F.3d 213, 216 (1st Cir. 1996). This requirement is derived from § 794a, the section of the Rehabilitation Act that governs remedies and attorney's fees.

§ 794a(a)(1) provides that federal agency employees must exhaust administrative remedies in accordance with the requirements of Title VII.  See § 794a(a)(1); Roman-Martinez, 100 F.3d at 216.  Plaintiff's failure to do so, see Part III.1, supra, dooms his Rehabilitation Act claims against the Postmaster General.

**D.     Retaliation**

Finally, we address Plaintiff's claims of retaliation, finding them lacking.

"The regulations implementing the Rehabilitation Act make it unlawful to '[i]ntimidate or retaliate against any individual, whether handicapped or not, for the purpose of interfering with any right secured by [the Rehabilitation Act].'" D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 41 n.9 (1st Cir. 2012) (citing 28 C.F.R. § 42.503(b)(1)(vii)).  Under the Rehabilitation Act, "[a] plaintiff need not succeed on a disability discrimination claim in order to assert a claim for retaliation." Id. (citing Colón–Fontánez v. Municipality of San Juan, 660 F.3d 17, 36 (1st Cir.2011)).

"To make out a prima facie case of retaliation under the familiar burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff must show that (1) he or she engaged in protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) there was a causal connection between the protected conduct and the adverse action." Id. (citations omitted).  Courts in this circuit use the same framework to evaluate claims under the ADEA. Munoz v. Sociedad Espanola de Auxilio Mutuo, 671 F.3d 49, 55 (1st Cir. 2012).  The First Circuit has assumed--but

Civil No. 11-1659 (JAF)                                                                                         -11-

not decided--that Title VII also forbids retaliation in the federal workplace. Palmquist v. Shinseki, 689 F.3d 66, 76 n.2 (1st Cir. 2012).

We find that Plaintiff has failed to satisfy at least two of the three elements of his prima-facie case. Arguably, Plaintiff can show that he engaged in protected conduct, because he filed an administrative employment discrimination charge. (Docket No. 32-1.) But Plaintiff does not state that this protected conduct led to an adverse action by Defendants, or even state what that adverse action was.

"To establish an adverse employment action, [Plaintiff] must show that "a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Colón–Fontánez, 660 F.3d at 37 (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks omitted)). "For retaliatory action to be material, it must produce 'a significant, not trivial, harm.'" Id. (quoting Carmona–Rivera v. Puerto Rico, 464 F.3d 14, 20 (1st Cir. 2010)). Plaintiff has not stated that any adverse action resulted from his decision to file an administrative complaint. Plaintiff's failure to satisfy the second and third elements of his prima facie-case, therefore, dooms his retaliation claims.

Civil No. 11-1659 (JAF) -12-

## IV.

## **Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is hereby **GRANTED.** (Docket No. 32.) Plaintiff's complaint will be **DISMISSED WITH PREJUDICE** in accordance with 28 U.S.C. 1915(e)(2)(b)(ii). (Docket No. 30.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22th day of October, 2012.

                                               s/José Antonio Fusté
                                               JOSE ANTONIO FUSTE
                                               United States District Judge